UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| MATTHEW KUSTES, | ) | |
| Plaintiffs | ) | CIVIL ACTION NO. 5:12-323 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| LEXINGTON-FAYETTE | ) | |
| URBAN COUNTY GOVERNMENT, | ) | |
| | ) | |
| JIM GRAY, in his capacity as Mayor of | ) | |
| Lexington-Fayette | ) | |
| Urban County Government, | ) | |
| | ) | |
| LEXINGTON POLICE DEPARTMENT, | ) | |
| | ) | |
| RONNIE BASTIN, in his capacity as | ) | |
| Chief of the Lexington Police Department, | ) | |
| | ) | |
| OFFICER JOSH MITCHELL, | ) | |
| individually and in his capacity as an | ) | |
| officer of the Lexington Police Department, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNKNOWN OFFICERS, individually | ) | |
| and in their capacities as officers of the | ) | |
| Lexington Police Department , | ) | |
| Defendants | ) | |

*** *** *** ***

This matter is before the Court on the motions for partial dismissal (DE 4, 17, 18)

filed by the Defendants named in the Plaintiff's complaint.

## I.      Background.

The Plaintiff filed his initial complaint in this matter on October 22, 2012 in

which he alleged that, on October 23, 2011, he was at a neighbor's house. The neighbor

was not there but had granted the Plaintiff permission to be inside the house. The

Plaintiff alleged that, during the evening, Lexington police officers arrived at the house in response to complaints about a loud party there. He alleged the officers ordered him to leave and that, when he stated that he had permission to be there, the officers, including Defendant Officer Josh Mitchell, arrested him for criminal trespassing. He also asserted that Officer Mitchell and other unknown officers searched his person without reasonable suspicion or probable cause, handcuffed him and took him to the jail where he was held for several hours. He alleged that, after a jury trial, he was acquitted of the trespassing charge. (DE 1, Complaint.)

The Plaintiff asserted claims against five named Defendants: the Lexington-Fayette Urban County Government (LFUCG), Lexington Police Department (which identifies itself in its motion to dismiss as the LFUCG Division of Police), LFUCG Mayor Jim Gray, LFUCG Division of Police Chief Ronnie Bastin, and Lexington police officer Josh Mitchell.

The Defendants moved to dismiss various claims asserted in the original complaint (DE 4). The Plaintiff did not file a response to that motion but instead filed an amended complaint (DE 15) which he asserted addressed the Defendants' arguments raised in their motion to dismiss. The Defendants then filed a supplemental motion to dismiss. (DE 17) arguing that the amended complaint had not cured the deficiencies alleged in its original motion to dismiss.

Because the arguments made in the Defendant's original motion to dismiss apply to the amended complaint also, the Court will interpret both motions to dismiss to be directed at the amended complaint.

**II.  The Proper Defendants**

As an initial matter, the LFUCG Division of Police is a division of the LFUCG's Department of Public Safety.  LFUCG Charter, § 6.07.  It is not a legal entity separate and apart from the LFUCG.  Accordingly, the Court will dismiss the LFUCG Division of Police – identified by the Plaintiff as the Lexington Police Department – as a party to this action.

As to the claims asserted against Mayor Jim Gray and Division of Police Chief Ronnie Bastin, as the Plaintiff states in his response to the motion to dismiss, the amended complaint asserts only  "official-capacity" claims against these defendants. (DE 21, Response at 6.) All of these claims must be dismissed.  "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Commonwealth v. Harris*, 59 S.W.3d 896, 899 (Ky. 2001). Because the claims against Mayor Gray, Chief Bastin, and the officers in their official capacities are regarded as claims against the county, these claims will be dismissed.

Thus, the remaining Defendants are the LFUCG and Officer Mitchell and the unknown officers, in their individual capacities only.

**III.     The Claims**

**A.      Claims against Officer Mitchell**

In the initial motion to dismiss, Officer Mitchell moved to dismiss all of the Plaintiff's constitutional claims asserted against him except the claim that he violated the Plaintiff's Fourth-Amendment rights.  Officer Mitchell also moved to dismiss the state law claims of intentional infliction of emotional distress (IIED) and abuse of process.

The Plaintiff's amended complaint no longer asserts the abuse-of-process claim. Accordingly, that portion of the motion to dismiss will be denied as moot.

As to Officer Mitchell's motion to dismiss all the constitutional claims asserted against him under 42 U.S.C. § 1983 except the Fourth Amendment claim, the amended complaint asserts that Officer Mitchell falsely arrested and detained him and conducted an unreasonable search of his person. To the extent that the amended complaint seeks to assert claims for violation of the Plaintiff's Fourteenth or Fifth Amendment rights to due process, those claims must be dismissed.

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Claims arising out of an "arrest or investigatory stop of a free citizen" invoke the "protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures.'" *Graham*, 490 U.S. at 394. Because the Fourth Amendment addresses pretrial deprivations of liberty, an unlawful arrest claim is properly brought under that amendment and not the Fifth or Fourteenth Amendment. *Albright*, 510 U.S. at 274-75; *Jackson v. County of Washtenaw*, 310 F. App'x 6, 7 (6th Cir. 2009) ("[A] plaintiff may no longer bring a cause of action claiming a violation of substantive due process rights under the Fourteenth Amendment when detained without probable cause. Rather, a plaintiff claiming that his constitutional rights were violated when state officials detained him without probable cause must assert a Fourth Amendment claim. *Gregory v. City of*

*Louisville*, 444 F.3d 725, 750 (6th Cir.2006)"). Accordingly, the Plaintiff's claim that his Fifth and Fourteenth Amendment rights were violated when the officers allegedly unlawfully arrested, searched, and detained him will be dismissed.

As to Officer Mitchell's motion to dismiss the IIED claim against him, the Kentucky Supreme Court has held that a plaintiff cannot recover under both an IIED and traditional tort claim on the same set of facts. *Childers v. Geile*, 367 S.W.3d 576, 582-83(Ky. 2012). A plaintiff can, however, plead an IIED claim in the alternative to a traditional tort claim. *Id*. at 582.

The Kentucky Court of Appeals has held that "where an actor's conduct amounts to the commission of one of the traditional torts . . . for which the recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie. Recovery for emotional distress in those instances must be had under the appropriate traditional common law action." *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. App. 1993).

In *Rigazio*, the Court of Appeals found dismissal of the IIED claim appropriate because there was no "*evidence* from which it could be inferred that [the defendant] intended only to invade [the Plaintiff's] interest in freedom from emotional distress." *Id*. at 299 (emphasis added). Here, there is no evidence yet before the Court. Accordingly, the Court finds that dismissal of the IIED charge is premature. *See also Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. App. 2001) (finding no *evidence* to support a finding by the jury that the defendant's actions were intended only to cause plaintiff extreme emotional distress); *Bennett v. Malcomb*, 320 S.W.3d 136, 137 (Ky. App. 2010) (same).

The Defendants also make a brief argument that the Plaintiff's state-law negligence claims should be dismissed because they are inconsistent with the Plaintiff's other claims of assault, battery, false imprisonment, and malicious prosecution. The Defendants devote just a couple of sentences to this argument. (DE 17, Supplemental Motion at 6.) Because this argument has not been fully developed and because a plaintiff is not prohibited in all circumstances from pleading negligence claims in the alternative to intentional tort claims, the Court will not dismiss the Plaintiff's negligence claims at this time.

**B.      Claims against the LFUCG**

In its initial motion to dismiss, the LFUCG moved to dismiss the constitutional claims asserted against it, arguing that the original complaint failed to adequately plead these claims.

Counties can be liable under § 1983 only for certain actions and inactions. As for actions that can make a county liable under the statute, the plaintiff must show that "a custom, policy, or practice attributable to the municipality was the 'moving force' behind the violation of the plaintiff's constitutional rights." *Heyerman v. County of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012). The "official or officials responsible for establishing final policy with respect to the subject matter in question" must make a "*deliberate choice* to follow a course of action." *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986)).

As to the inactions that can make a county liable, a county may be liable for "failure to train its employees or to institute a policy to avoid the alleged harm where the need to act 'is so obvious, and the inadequacy so likely to result in the violation of

6

constitutional rights, that the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to the need.'" *Id*. (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). "The occasional negligent administration of an otherwise sound policy is not sufficient to impose municipal liability." *Id*.

Plaintiffs can establish the county's "need to act" in two ways. First, "the plaintiff can present evidence showing that the municipality possessed actual knowledge indicating a deficiency with the existing policy or training (or lack thereof), such as where there have been recurring constitutional violations." *Id*. Second, the plaintiff can show that "the need to act should have been 'plainly obvious to the [municipality's] policymakers, who, nevertheless, are 'deliberately indifferent' to the need." *Id*. at 648-49 (quoting *Canton*, 489 U.S. at 390 n. 10).

In the amended complaint, the Plaintiff asserts that the LFUCG "consciously failed to act or to make serious inquiry into the officers' unlawful conduct where the need to do so was so obvious that such failure constitutes a policy of deliberate indifference to the Plaintiff's constitutional rights." (DE 15, Amended Complaint, pp. 3-4.) But the Plaintiff does not set forth any facts explaining why the need to act was "obvious."

The Plaintiff asserts that the LFUCG "implicitly sanction[ed] the officers' unlawful conduct" and that such conduct was the "moving force behind the averred constitutional violations." (DE 15, Amended Complaint, p. 4.) But the plaintiff does not state how the LFUCG did this or allege any facts supporting this assertion.

The Plaintiff asserts that the LFUCG "negligently trained and/or supervised Officer Mitchell and other unknown officers" (DE 15, Amended Complaint, ¶ ¶ 26) and that it "failed to comply with policies and/or customs regarding the proper training and

supervision of Officer Mitchell and other unknown officers. . . ." (DE 15, Amended Complaint, ¶¶ 27, 33.) But the Plaintiff does not allege any facts regarding what those policies or customs were or how the LFUCG violated them.

The Plaintiff alleges that the LFUCG "failed to instruct, supervise, control and discipline on a continuing the basis . . . ." (DE 15, Amended Complaint, ¶ 39), but the Plaintiff does not allege any facts regarding any other incidents of alleged Fourth Amendment violations by LFUCG police officers or any other facts that would support its assertion that the LFUCG failed to adequately instruct, supervise, control and discipline its police officers.

The Plaintiff has merely recited the legal requirements for a §1983 action against a county. He has not asserted any facts that would raise a "plausible inference of wrongdoing" against the LFUCG. *16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 2013 WL 4081909, at * 2 (August 14, 2013). "[N]aked assertions devoid of further factual enhancement contribute nothing to the sufficiency of the complaint." *Id.* at * 4 (citation and internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id.* at 570.

8

The Plaintiff asserts that, to survive a motion to dismiss, he "need only plead a constitutional violation and allege that the violation was caused by an official policy or custom." (DE 21, Response at 2.) This is incorrect. Pleading that an alleged constitutional violation was caused by an official custom or policy merely recites the legal requirements for a constitutional claim against a county. The Plaintiff must describe what the official custom or policy was and describe how it was violated. As the Sixth Circuit has recently explained, there is a good reason for requiring a plaintiff to state more than the legal requirements for a cause of action in his complaint. It "prevent[s] plaintiffs from launching a case into discovery – and from brandishing the threat of discovery during settlement negotiations – 'when there is no reasonable likelihood that [they] can construct a claim from the events related in the complaint.'" *16630 Southfield*, 2013 WL 4081909, at * 2 (quoting *Twombly*, 550 U.S. at 558).

The Plaintiff attempted to amend his complaint to address the arguments raised in the initial motion to dismiss. For the reasons discuss above, the constitutional claims asserted in the amended complaint are still deficient. Accordingly, the claims that the LFUCG violated the Plaintiff's Fourth Amendment rights against unreasonable search and seizure contained in Counts I, II, and III of the amended complaint will be dismissed.

As to the state-law claims asserted against the LFUCG, under Kentucky law, the LFUCG is entitled to sovereign immunity. *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004). "This immunity flows from the Commonwealth's inherent immunity by virtue of a Kentucky county's status as an arm or political subdivision of the Commonwealth." *Id*. The immunity extends to both

intentional and unintentional torts. *Calvert Investments, Inc. v. Louisville & Jefferson County Metropolitan Sewer Dist.,* 805 S.W.2d 133, 139 (Ky.1991). The Plaintiff has presented no argument that the Kentucky General Assembly has waived the LFUCG's immunity in a way that would permit the Plaintiff's claims against it.  Accordingly, the Court will dismiss all of the Plaintiff's state-law claims against the LFUCG.

As a result of this Opinion and Order, the sole remaining Defendants in this action are Officer Josh Mitchell and the unknown officers of the LFUCG Division of Police in their individual capacities.  The sole remaining claims are the claims asserted under 42 U.S.C. § 1983 that the officers violated the Plaintiff's rights under the Fourth Amendment set forth in Counts I and II of the Amended Complaint and the state law claims set forth in Counts IV through XI.

**IV.    Conclusion**

For the above reasons, the Court hereby ORDERS as follows:

1)  The Defendants' motions to dismiss (DE 4, 17, 18) are GRANTED in part and DENIED in part as follows:

a)      the LFUCG Division of Police, which is identified by the Plaintiff in his amended complaint as the Lexington Police Department, is DISMISSED as a party to this action and all claims against it are DISMISSED;

b)      Mayor Jim Gray and Police Chief Ronnie Bastin are DISMISSED as parties to this action and all claims against them are DISMISSED;

c)      the LFUCG is DISMISSED as a party to this action and all claims against it are DISMISSED;

d) the Plaintiff's claims that the Defendants violated his rights under the Fifth and Fourteenth Amendments, which are asserted under 42 U.S.C. § 1983, are DISMISSED;

e) the motion to dismiss the Plaintiff's state law claim for abuse of process is DENIED as moot because the Plaintiff does not assert that claim in his amended complaint; and

f) the motion to dismiss the Plaintiff's claims for intentional and negligent infliction of emotional distress and for negligent and gross negligence is DENIED.

Dated this 3rd day of September, 2013.

Signed By:

*Karen K. Caldwell*

United States District Judge